UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 1:01CR73 HEA |
| | ) | |
| AMESHEO CANNON, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's pro se and supplemental motions for compassionate release. Defendant seeks compassionate release based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A). The United States opposes the motions. In light of the United States Supreme Court's recent decision in *Fernandez v. United States*, 146 S. Ct. 1292 (2026), Defendant's motion based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) will be denied. Furthermore, for the reasons set forth below, his supplemental motions arguing extraordinary circumstances will also be denied.

**Background**

On March 11, 2005, a jury convicted Defendant of conspiracy to commit murder for hire. Defendant was acquitted of murder for hire. After the penalty phase of Defendant's trial, on March 17, 2005, the jury decided not to impose the

death penalty and recommended a sentence of life imprisonment. The Court sentenced Defendant to life imprisonment without parole on June 30, 2005. Defendant is currently incarcerated at FCI Bennettsville, South Carolina. https://www.bop.gov/inmateloc/ (last visited November 4, 2026).

Defendant has unsuccessfully sought relief numerous times before filing the instant motions. His direct appeal was denied, as well as his habeas petition and several *pro se* post-conviction motions and requests.

**Discussion**

The First Step Act of 2018 grants the Court authority, under certain circumstances, to reduce a defendant's sentence "when extraordinary and compelling reasons warrant" a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). As relevant here, the United States Sentencing Commission promulgates policy statements "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t).

Defendant seeks relief under18 U.S.C. § 3582(c)(1)(A)(i) arguing his Sixth Amendment rights were violated under *Apprendi,* 530 U.S. 466. In *Apprendi*, the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribe statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*, at 490. Defendant argues that the Court improperly imposed a life sentence even though the jury did not find a death resulted from the charged

conspiracy. As the Government correctly argues, the superseding indictment which was submitted to the jury specifically alleged the conspiracy offense resulted in the death of Coy L. Smith, Jr. and that as a result of the conspiracy, Mr. Smith was in fact murdered.

More fundamentally, Defendant's motion is an improper attempt to receive relief via a compassionate release motion. Because Defendant is attacking the validity of his conviction, his recourse would have been "to pursue a direct appeal or a motion for post-conviction relief under 28 U.S.C. § 2255." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022). In *Crandall*, the Eighth Circuit explained that defendants "cannot avoid the restrictions of the post-conviction statute by resorting to a request for compassionate release instead." *Id*. Defendant already exhausted his direct appeal and was denied habeas relief. He cannot now raise his claim under the compassionate release statute. See *Fernandez*, 146 S. Ct. at 1307 ("The compassionate release provision is not a vehicle for attacking the validity of a conviction.").

Defendant's supplemental motion argues that he should receive relief because of his age at the time of his crimes. As this Court has previously held with regard to Defendant's co-conspirator,

> Defendant's new arguments identifying neuroscience research regarding less than full reasoning until 25 years of age do not overcome the fact that Defendant was not a juvenile at the time of the conspiracy to commit murder of a witness against [codefendant Tyrese Hyles]. He was 24

> years of age. The conspiracy was hatched to avoid the decedent's testimony against him for other crimes for which he was charged. Such a plot demonstrates reasoning ability calculated to avoid punitive measures against Defendant.

Doc. No. 814 at 3. Defendant was 23 at the time of the murder. He was not a juvenile. The clandestine and calculated murder while Mr. Smith was asleep in bed likewise demonstrates reasoning ability calculated to gain a monetary reward, specifically, a Parisienne, and is an insufficient reason for compassionate relief.

Finally, Defendant presents information about his rehabilitation while incarcerated. While commendable, under 28 U.S.C. § 994(t) "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. See, *United States of America v. Williams*, No. 4:96 CR 187 RWS, 2026 WL 3167937, at *1–4 (E.D. Mo. Oct. 22, 2026); *United States v. Brown*, No. 22-CR-00263 (SRN/ECW), 2025 WL 3443237, at *4 (D. Minn. Dec. 1, 2025) ("[R]ehabilitation of the defendant is not, by itself, an 'extraordinary and compelling reason' for compassionate release.") (citing U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t)).

## Conclusion

The Court has considered all of the 18 U.S.C. § 3553(a) factors, and has reviewed the information Defendant provided, as well as the United States' opposition to his motions. Defendant has not provided sufficient grounds for compassionate release. The motions will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *pro se* and supplemental motions for compassionate release, [Doc. No.'s 765 and 807], are **DENIED**.

Dated this 5th day of November, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE